IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

Jon Q. Wright d/b/a JQ Licensing LLC

                Plaintiff,

vs.

American Distribution Company, L.L.C.,
and Adam Dawe, ABC Corporations 1-10,
and John Does 1-10,

                Defendants.

Civil Action No. 1:16-cv-379

**(Jury Trial Requested)**

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

    Plaintiff Jon Q. Wright d/b/a JQ Licensing, LLC, hereby brings this action to recover damages, expenses, and attorney fees arising from the willful infringement by defendants American Distribution Company, L.L.C. and Adam Dawe, ABC Corporations 1-10, and John Does 1-10 (collectively "Defendants"), of Plaintiff's registered copyright on a valuable illustration and to obtain injunctive relief, declaratory judgment, and damages against Defendants to cease and desist from their infringement and to prevent any further unlawful copying and infringement of Plaintiff's copyright.  Inasmuch as Defendants' infringement has damaged Plaintiff's business, threatens to damage it further, and Defendants' business practices are unfair and deceptive to the Plaintiff, Plaintiff seeks injunctive relief, declaratory relief, and damages for the full amount of Plaintiff's loss, plus statutory damages and willful infringement damages, attorneys' fees, and costs.  Plaintiff alleges on personal knowledge as to all facts known to it, and on information and belief as to all other facts after a reasonable inquiry under the circumstances, and as they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, as follows:

1

1. This is an action arising under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq. as amended).

2. Defendants unlawfully reproduced and displayed Plaintiff's registered Legends Series Artwork, specifically the Bass illustration which was used and displayed upon Defendants' products including but not limited to packaging associated with puzzles and tin signs, as well as upon tin signs that were produced and distributed to consumers and retailers without obtaining any authorization or permission from Plaintiff in violation of the Copyright Act, 17 U.S.C. §501.

## PARTIES

3. Plaintiff Jon Q. Wright d/b/a JQ Licensing, LLC (hereinafter "JQ") is a resident of Minnesota, and at all times material to this Complaint, operated from within the State of Minnesota.

4. JQ Licensing, LLC is a limited liability company that is an art licensing company who supplies commercial art design services, namely supplying licensed digital art, flat artwork and paintings; and designing commercial art products with reproductions of the licensed digital art, flat artwork and paintings.

5. Jon Q. Wright, the individual d/b/a JQ Licensing, LLC, is the author of several fish designs, specifically the Legends Series Bass illustration that is at issue here and which Plaintiff registered with the Copyright Office of the United States under registration number VA 1-153-915 issued an effective date of registration of June 1, 2001 (hereafter "Work"). Jon Q. Wright is the sole owner of the copyrighted Work and for all claims for infringement appurtenant thereto as he holds the exclusive, unlimited rights to use the federally registered copyright for the Work. A copy of the Copyright Registration and Work is attached hereto as Exhibit A.

6. Defendant, American Distribution Company, L.L.C. ("ADC") is a limited liability company organized under the laws of the State of Alabama with its principal place of business at 3140 Lees Lane, Mobile, Alabama 36693. Defendant ADC is a distribution company that opened in 2004 and has two locations, one in Mobile, Alabama and the other in Zhejiang, China. ADC carries seasonal products such as hunting and sporting items and claims to own over 30 brands, one of which is "3 Oaks Hunting & Outdoors." 3 Oaks Hunting and Outdoors is a trademark registered on August 26, 2014 to Defendant ADC. These brands are sold in every state of the United States, Canada and Mexico, in retail outlets such as truck stops, hardware stores, pharmacies, travel centers and Walgreens. The subject of this lawsuit, Our Way of Life jigsaw puzzles and the metal tin signs are advertised on various retailers' websites including hardware stores, Ebay and Aliexpress.

7. Defendant Adam Dawe resides in Alabama and upon information and belief is the President/CEO of ADC. Defendant Adam Dawe had the right and ability to direct or control the wrongful conduct alleged in this Complaint and derived financial benefit from that wrongful conduct.

8. Defendants ABC Corporations 1-10 and John Does 1-10 are individuals and entities that have controlled or contributed to the wrongful conduct alleged in this Complaint and derived financial benefit from that wrongful conduct.

## JURISDICTION

9. This Court has subject matter jurisdiction over Plaintiff's claims for unauthorized use and copyright infringement pursuant to the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq.).

## VENUE

10. Venue is based upon 28 U.S.C. § 1391 as the judicial district in which all Defendants "reside" within the meaning of § 1391(c) and pursuant to § 1391(b)(2) as the district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1400(a) is the district in which the parties may be found in an action under the Copyright Act.

## FACTS COMMON TO ALL CLAIMS

11. Plaintiff owns a valid copyright to the Legends Series Artwork, specifically the Bass illustration in compliance with 17 U.S.C. § 411 prior to the institution of this action. *See* Exhibit A.

12. Upon information and belief, beginning in April 2014, after Plaintiff registered the Work, Defendants designed and manufactured metal tin signs and packaging associated with the metal tin signs, as well as packaging for a jigsaw puzzle, which all unlawfully reproduced and displayed Plaintiff's Work that was then distributed to and sold by various retailers throughout the United States, Mexico and Canada.  Plaintiff's Work is prominently displayed within each design that was created and printed by Defendants.  Defendant Adam Dawe directed and controlled the production and creation of the designs that includes Plaintiff's Work.  A copy of the Defendants' Use is attached hereto as Exhibits B and C.

13. The design used by Defendants in association with the packaging for "Our Way of Life" 300 piece jigsaw puzzle can best be described as a display box that is square and blue on three of the four sides.  On the front side of the display box are pictures of the images that appear on the four jigsaw puzzles that are available to purchase.  On the top of the display box is brown lettering that identifies the name of the product, "Our Way of Life," with an outline of a brown fish to the right.

Plaintiff's Work is prominently displayed to the left of the phrase and images of the jigsaw puzzles and above the product size description. The advertisement associated with this product appeared on ADC's website at www.adcimports.com. *See* Exhibit B.

14. The design used by Defendants in association with the Gone Fishing metal tin signs can best be described as a picture of a lake with trees and a coastline with Plaintiff's Work prominently positioned over this photograph in the center of the design reaching for a lure below the phrase "GONE FISHING" with the 3 Oaks trademark and Our Way of Life featured on the bottom of the metal tin sign. This product is available and featured upon various retailers' websites and ships from ADC directly. *See* Exhibit C.

15. The design used by Defendants in association with the "Every Woman Needs a Man" metal tin sign can best be described as a picture of a fisherman standing in a boat casting with the phrase "Every Woman Needs a Man…To watch the kids while she goes FISHING!!!" Plaintiff's Work is prominently positioned in the center between "Every Woman Needs a Man…" and "To watch the kids while she goes FISHING!!!" The 3 Oaks trademark and Our Way of Life is featured on the bottom of this metal tin sign as well. This product is available and featured upon various retailers' websites and ships from ADC directly. *See* Exhibit C.

16. The design used by Defendants in association with the display packaging for the metal tin signs is a four-sided cardboard box that shows an image of the six metal tin signs available for purchase on the front side of the box. There are images of three signs on each side of the box with "TIN Signs" and 3 Oaks trademark logo and Our Way of Life featured in the middle. Plaintiff's Work appears on each side

5

of the "TIN Signs" on the Gone Fishing and the Every Woman Needs a Man tin signs that are featured on the product packaging. *See* Exhibit C.

17. Beginning in April 2014, after the Work was registered and continuing to date, Defendants unlawfully reproduced and displayed the Work on products and packaging.

18. Plaintiff's Work is the copyrighted illustration belonging to Jon Q. Wright d/b/a JQ Licensing, LLC that Defendants had direct access to and copied.

19. Defendants have displayed the designs that contain the Work that Defendants unlawfully copied from Plaintiff on advertising and products that have been distributed and sold to consumers.

20. Defendants did not obtain authorization or permission from Plaintiff to use, copy, display, and distribute the Work in connection with the designs that are being used upon the products and advertising to attract customers.

21. In May 2015, Plaintiff contacted Defendants to discuss the Work being used in connection with products and packaging. Defendants were advised at that time that the Work being used was copyrighted and were offered the ability to license the Work. In response, Defendants refused.

22. In September 2015, Plaintiff sent a formal demand for more information and advised Defendants to cease and desist use of the Work, delivered by certified and regular mail, as well as email. This communication addressed the unauthorized use and copyright infringement of the federally registered Work owned by Plaintiff. Such notice demanded that Defendants cease and desist from all unauthorized use of the copyrighted Work and pay the licensing fees incurred from the unauthorized use.

23. In response to such demand, Defendants have admitted to such use.

24. Despite receiving Plaintiff's formal notice to cease and desist from their infringement of Plaintiff's registered Work, the Defendants continue their infringing use of Plaintiff's copyrighted Work by continuing to produce, display and distribute material containing the Work. *See* Exhibit C.

25. In April 2016, Plaintiff placed an order with a retailer that sells Defendants' products. The order was received by Plaintiff in June 2016 confirming that Defendants have continued to use the Work after being placed on notice and advised to cease and desist from the unauthorized use.

26. Defendants have refused to pay the damages sustained by Plaintiff resulting from Defendants' unlawful use and willful copyright infringement, including Plaintiff's attorney fees.

## COUNT I

### (COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501, ET. SEQ.)

27. Paragraphs 1 through 26 above are incorporated herein.

28. Plaintiff is the sole owner of the Work and holds a valid copyright registration in accordance with the United States Copyright Act. *See* Exhibit A.

29. Defendants have infringed the Work by copying protected elements of the Work from Plaintiff and displaying it on products, packaging and advertisements. *See* Exhibits B and C.

30. Defendants began displaying and using the copyrighted Work that was copied from Plaintiff as early as 2014, after Plaintiff registered the Work.

31. The design that contains the Work that is displayed in connection with metal tin signs, packaging that holds the metal tin signs as well as packaging used in connection with a jigsaw puzzle, advertisements and upon its website is strikingly

similar and substantially similar to Plaintiff's Work and was copied from Plaintiff's Work.

32. Defendants had access to the Work via the Internet as the Work was uploaded and published to the Internet by Jon Q. Wright and is widely disseminated.

33. Defendant Adam Dawe of ADC provided the means to produce the infringing work and encouraged such production of the infringing work through his personal connection to and control over Defendant ADC.

34. Defendant Adam Dawe of ADC directed that the designs be placed upon products, packaging, and advertising, which were then manufactured.

35. Defendant Adam Dawe of ADC then directed the shipment of the infringing work to retailers who then sold the infringing work across the United States, Canada, and Mexico.

36. Defendant Adam Dawe of ADC profited from the sales of the infringing work that were sold at numerous retailers, as well as online.

37. Plaintiff has not authorized the copying of Plaintiff's Work or the distribution of any unauthorized copies of Plaintiff's Work by Defendants in any format or otherwise.

38. The Defendants' creation, publication, display, and use of the design upon Defendants' products and packaging associated with same has infringed and, if not terminated, continues to infringe upon Plaintiff's rights in the copyrighted Work.

39. The Defendants knew or should have known that Plaintiff's permission was required to make and distribute copies of Plaintiff's Work, and the various modes of advertising comprises Plaintiff's Work.

40. The Defendants intentionally, wantonly, and/or recklessly disregarded rights they knew or reasonably should have known were claimed in Plaintiff's Work, when

creating or causing the creation of, and/or distributing Defendants' design after receiving notice to cease and desist but continuing to sell merchandise and packaging using the Work.

41. Plaintiff, through counsel, has requested that Defendants cease the infringing activities described above and to account for sales, but Defendants expressly refused to cease production and display of Defendants' design.

42. Defendants' continued use of the Work upon the infringing designs after receiving notice to cease and desist shows willfulness of their copyright infringement.

43. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement.  17 U.S.C. § 501.

44. Defendants have profited from the infringing activities described above.

45. Defendants' infringement of Plaintiff's copyrighted Work has directly and proximately caused Plaintiff monetary damages including lost sales and profits, in an amount thus far not determined, and subject to proof at trial.

46. Defendants have realized profits from the unauthorized sale and use of the Work by Defendants in an amount unknown and subject to proof at trial.

47. Plaintiff is entitled to recover actual damages for his licensing fees and royalties for the Work under 17 U.S.C. § 504(b).

48. In the alternative, Plaintiff claims statutory damages under 17 U.S.C. § 504(c)(1) for Defendants' unauthorized use and copyright infringement of Plaintiff's registered Work.

49. Defendants' infringement has been willful within the meaning of the Copyright Act and damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

50. Plaintiff is also entitled to recover its costs and attorney fees incurred in suit under 17 U.S.C. § 505.

## JURY DEMAND

51. Plaintiff Jon Q. Wright d/b/a JQ Licensing Inc. hereby demands a jury trial for all issues triable to a jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That the Court enter a judgment against Defendants setting forth that Defendants have willfully infringed Plaintiff's federally registered copyright under 17 U.S.C. § 501;
2. Defendants shall pay Plaintiff's actual damages and profits pursuant to 17 U.S.C. § 504(a)(1), 17 U.S.C. § 504(b), Fed. R. Civ. P. 54, or statutory damages under 17 U.S.C. § 504(c)(1), and enhanced damages under 17 U.S.C. § 504(c)(2);
3. Enjoining Defendants from infringing Plaintiff's copyright, pursuant to 17 U.S.C. § 502(a), Fed. R. Civ. P. 65(d), and the equitable powers of this Court;
4. Impounding all material that bears infringing copies of Plaintiff's copyrighted Work in the possession or control of Defendants pursuant to 17 U.S.C. § 503(a)(1)(A), and ordering destruction of all material that contains the design, pursuant to 17 U.S.C. § 503(b);
5. Awarding Plaintiff for the costs of this action and the reasonable attorney fees and expenses incurred pursuant to 17 U.S.C. § 505;
6. Providing for such other and further relief as this Court deems just and proper.

Dated:  July 18, 2016

Respectfully submitted,

*/s/ J. Hunter Adams*
J. Hunter Adams (5289J80Z)
ADAMSIP LLC
300 Dauphin Street, Suite 200
Mobile, Alabama 36602
(251) 289-9787
hunter@adamsiplaw.com
*Attorneys for Jon Q. Wright d/b/a JQ Licensing LLC*